**Corse v. Township of Ridley**

*Harry F. Dunn, Jr.,* for plaintiffs.
*Peter J. Rohanna,* for defendant.

DIGGINS, JR., *J.,* March 17, 1983—The matter now before the court concerns defendant's handling of plaintiffs' application for approval of their subdivision plan.

The issue in this matter is whether or not plaintiffs are entitled to "deemed approval" of their subdivision plan by reason of defendant's planning commission's failure to comply with statutory requirements.

Plaintiffs are the owners of property located in Ridley Township. Desiring to subdivide their lot, plaintiffs applied to defendant for approval on or about February 1, 1982. By letter dated March 4, 1982, plaintiffs received notification of the planning commission's recommendation that the application be denied. This was just that, a mere recommendation, it was neither a denial nor a definitive action. The letter did not contain any specific statutory source for the recommendation nor were any ordinances cited to justify the commission's position. Plaintiffs filed the instant action on June 7, 1982.

Statutory language dictates that upon the governing body's failure to act on an application or issuance of a defective denial of an applicant's plot, the plan will be deemed to be approved in its original terms. 53 P.S. §10508(3). As provided in the statute, the governing body has ninety days to act and render a decision on the plan. 53 P.S. §10508(1).

From a reading of the planning commission's communication to plaintiffs, it is clear that no decision was made.

In a comparable case which was considered in light of a similar statute, Toal, J. stated, "Since the Board of Township Commissioners have not complied with the aforesaid provisions of the act, legally, no decision as yet has been rendered." Chagnon, et al. v. Board of Commissioners of Haverford Township, et al., 18 D.&C. 2d, 126, 46 Del. Co. 190, 192 (1960). In Chagnon, supra, the board of commisisoners had verbally rejected plaintiff's application for approval of their subdivision plan. The code that was in effect at the time, 53 P.S. §58065, §3065, provided that in the event a plan was disapproved, the reasons for the denial should be set out in writing and given to the applicant. There had been no written notification of the board's denial of plaintiffs' plan for subdivision as required by the statute. Plaintiffs' complaint was dismissed by the court because it was premature; the governing body had not acted.

The case at bar presents a similar issue, for the governing body did not hand down a decision on plaintiffs' application within the ninety day time limit. Thus, the township's failure to act on the application causes the operation of the deemed approval feature of the statute. 53 P.S. §10508(3).

Defendant cites Villa v. Zoning Hearing Board of Old Forge Borough, 57 Pa. Commw. 221, 426 A.2d 1209 (1981), in support of its position that plaintiffs are barred from deemed approval by their failure to bring an appeal of the defective denial within thirty days of its issuance. The case may be distinguished from the instant action in that the authority in Villa, supra, did render a decision, even though it failed to comply with the statutory requirements of a denial.

Plaintiffs in Villa, supra, could not assert the deemed approval feature because their predecessors in title failed to appeal the denial within the 30 day time limit.

In the case at bar, no decision was rendered within the time limits set by the statute. The planning commission recommended denial, but did not state plaintiffs' application had been denied. Therefore, because of the inaction of the governing body, the statute operates to give plaintiffs deemed approval of their plan, and we enter the following

## ORDER

And now, this March 16, 1983, it is ordered, adjudged and decreed that plaintiffs' application for approval of their plan to subdivide their property located in the Township of Ridley at or near the intersection of Morton and Amherst Avenues, is deemed approved as originally submitted.